NO. 7600                                    STATE OF LOUISIANA

ANTHONY CENTANNI

     VS                                     COURT OF APPEAL

JOHN R. RHODES.                             PARISH OF ORLEANS.

# OPINION.

St. Paul Judge.

Plaintiff foreclosed upon defendant's property under a mortgage made and recorded June 17th, 1913. Intervenors claim a preference, out of the proceeds by virtue of an alleged mechanics lien superior in rank but of later origin.

The question is whether the privilege was recorded in time to acquire priority over the preexisting mortgage under C. C. 3274 reading as follows;

"xxx (A privilege) shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage unless the act or other evidence of indebtedness is recorded within seven days from the date of the act or obligation of indebtedness, etc."

The evidence shows that on Dec 3, 1914 the intervenors submitted to defendant a written offer to do certain plumbing work on the premises. But as this offer (when accepted) was not recorded until more than seven days after the date above given, to wit, not until January 22, 1915, intervenors offered to prove that the offer was not accepted by defendant until January 19, or within seven days of the date on which it was recorded. To which offer of proof plaintiff objected on the ground that it tended to vary a written instrument.

The objection was properly overruled. Even between the parties thereto it is generally permissible to show by parol the true date of a written instrument regardless of any date it may or may not bear. Belot vs Donovan, 1 Rob 257; Kenner vs Creditors, 1 La 120; 4 An 262, 500; 14 An 793; 112 La 740; See also 17 Cyc 689. But the fact is that the rule relative to parol evidence not being admissible to vary a written instrument applies only between the parties thereto and not in a controversy with a third person. Covington Lumber Co vs Stef, 12 Ct of App 237; and 19 Cyc 749.

The evidence being admissible, it was shown by the affirmative testimony of four witnesses that the defendant affixed his own signature to the offer, in token of his

557

acceptance thereof, on January 19th as aforesaid.

Now it is true that the work was begun a few days earlier under verbal instructions from defendant to go ahead; but this is explained by defendant and one other witness as having been necessary because of the order of the Board of Health, and the work not then progressing under the contract; for the defendant had hoped to eliminate some part of it, and had finally signed the contract for a lump sum only whne he found that no part of the work could be dispensed with. Otherwise the intervenor's claim would have been on _quantum meruit_ and might have been recorded only after the work had been completed and the amount thereof become known. Greater N. O. Homestead vs Hoffman, No. 7277 of our docket; Brashear vs Copperage Co, 50 An 587.

Under the circumstances the recordation of the claim appears to us to have been in time.

Judgment Affirmed.